### FIRST NATIONAL BANK OF EAGLE LAKE v. S. S. ROBINSON.

#### No. 2149. Decided March 15, 1911.

**1.—Note—Attorney's Fees.**

A provision in a note for payment of attorney's fees for collection and fixing the amount thereof is treated generally as a contract for indemnity and not for liquidated damages.   (P. 167.)

**2.—Same—Contract with Attorney—Appeal.**

A note by which the maker agreed, in case it was not paid when due, to pay "all costs necessary for collection, including 10% for attorney's fees," was by its terms a contract for indemnity only; but where it was shown to have been placed in the hands of an attorney and sued upon and there was neither evidence as to the fee agreed on between the holder and the attorney nor any issue made as to the reasonableness of the fee named in the note, the appellate court, reversing-a judgment in favor of defendant and rendering judgment for plaintiff on the note, could properly include therein judgment for the amount of attorney's fee named in the note.   (Pp. 166-168.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Colorado County.

*Strickland & Roos* and *Adkins & Green,* for appellant.

*Carothers & Brown,* for appellee.—The precise question certified has been squarely decided by three of the Courts of Civil Appeals, in the following among other. cases: First District: Bolton v. Gifford, 100 S. W., 212; Third District: Miller v. West Texas Lbr. Co., 131 S. W., 608; Koppe v. Groginsky, 132 S. W., 985; Sixth District: Elmore v. Rugely, 48 Texas Civ. App., 456; Pinckney .v. Young, 107 S. W., 625; State Bank of Chicago v. Holland, 128 S. W., 435; Reed v. Taylor, 129 S. W., 864; Young v. Bank, 117 S. W., 476; De Stuegner v. Pittman, 117 S. W., 481.

MR. JUSTICE RAMSEY delivered the opinion of the court.

The question presented for decision in this case and the facts on which same depends are thus stated in the certificate sent up by the Court of Civil Appeals for the Fourth Supreme Judicial District:

"In the above styled and numbered cause pending in the Court of Civil Appeals for the Fourth District of Texas, on motion for rehearing, a question of law arises presenting a conflict of ruling between the decision of this court in this cause and the decision of other Courts of Civil Appeals as indicated below, which question this court believes it to be its duty, under the statute, to certify to your honorable court for adjudication, and which the court has directed to be certified for decision, as follows:

"EXPLANATION.

"The action is upon a note stipulating for an attorney's fee as follows: 'And further hereby agree that if this note is not paid when due, to pay all costs necessary for collection, including ten percent for attorney's fees." This court, in reversing the judgment of the County Court, rendered judgment for the principal and interest of the note, and for ten percent for attorney's fee.

"The petition alleged that plaintiff placed the note in the hands of an attorney for collection, and agreed to give said attorney ten percent for his services in the collection of same, and the proof was that it was placed in the hands of an attorney for collection, but there was no proof made of an agreement to pay him ten percent for his services.

·"The ruling and judgment of this court in favor of plaintiff for ten percent attorney's fee, in the state of the testimony, appears to be in conflict with what has recently been held by other Courts of Civil Appeals in cases reported as follows: Young v. Bank, 117 S. W., 476; Elmore v. Rugely, 48 Texas Civ. App., 456, 107 S. W., 151; De Steaguer v. Pittman, 117 S. W., 481; Nat'l Bank v. Campbell, 114 S. W., 887 and Dunovant's Est. v. Stafford, 36 Texas Civ. App., 33, 81 S. W., 101.

"In this connection we may call the court's attention to the case of Adams v. Bartell, 46 Texas Civ. App., 349, 102 S. W., 779, in which your honorable court refused a writ of error, but prior to decisions above mentioned.

"Question. Was this court in error in rendering judgment for ten percent attorney's fee as provided in said clause of the note, in the absence of testimony that plaintiff contracted to pay its attorney ten percent for his services?"

We think the provisions for attorney's fees as contained in notes are to be treated as partaking, in important respects, of the nature of contracts of indemnity, and that such undertakings to pay attorney's fees are not to be accepted or enforced, under all circumstances, as fixing a penalty, or to be regarded as constituting liquidated damages. It seems to us that the particular provision contained in the note sued on in this case, "and further hereby agree that if this note is not paid when due, to pay all costs necessary for collection, including ten percent attorney's fees," clearly stamps the contract as one possessing the qualities of indemnity only. "Clearly it seems to us by the terms of the note that the provision for attorney's fees is treated and by the parties considered as in the nature of costs and such promise to pay attorney's fees is fixed as a contract of indemnity. So considered, it contains an obligation of the maker of the note to pay the cost of collection and at the same time fixes the amount thereof at ten percent of such obligation. In such case, in the absence of plea and proof that such a percent is unreasonable and unconscionable, the court is authorized to act upon the amount of such fees as agreed upon by the parties and enter judgment accordingly. Whether this rule should apply where the holder of the note had in fact in the institution and prosecution of the suit contracted with his counsel to pay less than the amount named in the note, or whether his contract should inure to the benefit of his debtor, and whether, if, on a proper showing, the

amount of the attorney's fees stipulated to be paid was found to be unreasonable and unconscionable, such contract would be relieved against, we need not now determine. In the instant case no issue is made of the reasonableness of the amount agreed to be paid. The record shows that suit had been instituted on the note and the same contains a clear statement of the amount agreed by the parties to be paid and no other or further proof was required." Under the statement made by the Court of Civil Appeals it did not, we think, err in rendering judgment for the attorney's fees claimed.