J. H. LANIER v. J. E. JONES.

No. 2163.   Decided April 19, 1911.

**Note—Attorney's Fee—Burden of Proof.**

A stipulation in a promissory note for the payment of ten percent of its amount as attorney's fees if placed in the hands of an attorney for collection is a contract for indemnity only, and not for liquidated damages; but where the note is sued on, it forming the basis of the judgment, it was proper to render judgment for the amount of such fees named by the parties, in the absence of any issue raised as to its reasonableness or of any proof that such was the amount agreed

on between plaintiff and his attorney for its collection.   Bank of Eagle Lake v. Robinson, ante, p. 166, followed.   (Pp. 248, 249.)

Question certified from the Court of Civil Appeals, Second District, in an appeal from Knox County.

*Jas. A. Stephens* and *D. J. Brookreson,* for appellant.

*J. S. Kendall,* for appellee.

MR. JUSTICE RAMSEY delivered the opinion of the court.

The question presented for decision in this case is thus clearly stated in the certificate from the Court of Civil Appeals for the Second Supreme Judicial District.

"The above entitled and numbered case is now duly pending before us on appeal from a judgment of the County Court of Knox County in appellee's favor against one Lee Saterwhite as the maker and appellant, J. H. Lanier, as an endorser, for the principal, interest and attorney's fees due upon a certain promissory note for the sum of three hundred dollars.   Other persons were made parties, but a statement of their relation to the suit is deemed unnecessary.   The note sued upon provided that it should bear 'interest at the rate of ten percent per annum from its date (February 15, 1908) until paid, and ten percent attorney's fees, if sued upon or placed in the hands of an attorney for collection.'   The appellee alleged in his petition 'that plaintiff has placed said note in the hands of N. R. Morgan, an attorney, for collection, and has contracted to pay him the ten percent stipulated in said note, which is alleged to be reasonable compensation.'   While the record shows that the plaintiff's petition was presented by N. R. Morgan and another, it fails to otherwise show any proof of the facts so alleged, and in view of the decision in the case of Elmore et al. v. Rugely, 107 S. W., 151, and of other Courts of Civil Appeals decisions not necessary to cite, and of Your Honors' recent expressions on the subject in the case of Rutherford v. Gaines, 103 Texas, 263, 126 S. W., 261, we deem it advisable to certify to your honorable court for determination the question whether it was necessary for the plaintiff in order to show himself entitled to the ten percent attorney's fees provided for in the note, to prove, as alleged, that he had contracted to pay his attorney the stipulated ten percent and that the fee was but reasonable compensation."

We had occasion to consider and discuss a question practically identical with the one here presented in the case of First National Bank of Eagle Lake v. S. S. Robinson, (ante, page 166), 135 S. W., 372, where we said:   "Clearly it seems to us by the terms of the note that the provision for attorney's fees is treated and by the parties considered as in the nature of costs and such promise to pay attorney's fees is fixed as a contract of indemnity.   So considered, it contains an obligation to the maker of the note to pay the cost of collection and at the same time fixes the amount thereof at ten percent of such obligation.   In such case, in the absence of plea and proof that such a percent is unreasonable and unconscionable, the court is authorized to

act upon the amount of such fees as agreed upon by the parties and enter judgment accordingly. Whether this rule should apply where the holder of the note had in fact in the institution and prosecution of the suit contracted with his counsel to pay less than the amount named in the note, or whether his contract should inure to the benefit of his debtor, and whether, if, on a proper showing, the amount of the attorney's fees stipulated to be paid was found to be unreasonable and unconscionable, such contract would be relieved against, we need not now determine. In the instant case no issue is made of the reasonableness of the amount agreed to be paid. The record shows that suit had been instituted on the note and the same contains a clear statement of the amount agreed by the parties to be paid and no other or further proof was required." In this case the record showed that suit had been instituted on the note which is the foundation and basis of the judgment. It contained evidence of the sum agreed to be paid for and as attorney's fees. There was no evidence introduced or issue made that such sum was unreasonable. In this state of the record judgment was properly rendered for the attorney's fees named in the note sued on.