MILLER et ux. v. GAAR-SCOTT & CO.

(Court of Civil Appeals of Texas. El Paso. Nov. 23, 1911. Rehearing Denied Jan. 3, 1912.)

1. NAMES (§ 16*)—IDEM SONANS.

A return on a citation issued in an action against "Herman" M., which shows service on "Harman" M., is sufficient to support a judgment against Herman M.; the doctrine of idem sonans applying.

[Ed. Note.—For other cases, see Names, Dec. Dig. § 16.*]

2. BILLS AND NOTES (§ 534*)—ACTIONS—ATTORNEY'S FEES.

A judgment by default, in an action on notes, stipulating for attorney's fees, properly includes attorney's fees, where, in the absence of special exception, the petition is sufficient to authorize such recovery.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. § 534.*]

Error from Harris County Court; A. E. Amerman, Judge.

Action by Gaar-Scott & Co. against Herman Miller and wife. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Stevens & Pickett, for plaintiffs in error. L. R. Bryan, for defendant in error.

HIGGINS, J. This suit was instituted in the county court of Harris county by defendant in error against the plaintiffs in error upon certain notes described in plaintiff's petition and for the foreclosure of a chattel mortgage upon certain personal property securing the payment thereof. Judgment was rendered for the principal, interest, and attorney's fees provided for in said notes, together with foreclosure of lien.

[1] The sheriff's return upon the citation issued in the cause shows that the same was served upon "Harman" Miller, instead of

"Herman" Miller, and it is contended that this service was insufficient upon which to base the judgment herein. We are of the opinion that the doctrine of idem sonans applies, and the assignment of error raising this question is overruled. Kahn v. Herman, 3 Ga. 266; Ogden v. Bosse, 86 Tex. 342, 24 S. W. 798; Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 27 Am. St. Rep. 852.

[2] It is also urged that the petition was insufficient to warrant the recovery of the attorney's fees provided for in the notes. In the absence of special exception, the petition, in that respect, was sufficient, and, the same being by default, judgment was properly rendered for the attorney's fees. Maddox v. Craig, 80 Tex. 600, 16 S. W. 328; Bank v. Robinson (Sup.) 135 S. W. 372; Lanier v. Jones (Sup.) 136 S. W. 255; Rutherford v. Gaines (Sup.) 126 S. W. 261; Smith v. Norton (Civ. App.) 133 S. W. 733.

Delay is suggested. We have examined the record and find no errors apparent, and the judgment is therefore affirmed. The prayer of defendant in error for assessment of damages for alleged delay, however, is refused.