GASTON & AYRES v. J. I. CAMPBELL CO.

(Supreme Court of Texas.   Dec. 20, 1911.)

RECEIVERS (§ 163*)—CLAIMS—INTEREST.

A holder of a note executed by a corporation in the hands of a receiver, if entitled to recover, is entitled to judgment for interest to the date of the judgment, if the corporation is solvent; while, if the corporation is insolvent, interest must be allowed only to the date of the beginning of the receivership proceedings.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 163.*]

On rehearing.   Former opinion modified.

For former opinion, see 140 S. W. 770.

RAMSEY, J.. In an opinion rendered at a former day of this court it was ordered "that the judgment of the Court of Civil Appeals be and the same is hereby reversed, and the cause be remanded, with instructions to the district court to render judgment in favor of Gaston & Ayres for the full amount of the note sued on and for all costs." Complaint is made in a motion for rehearing that this order is obscure, and that it is not entirely clear from the opinion whether the court intended to instruct the district court to render judgment for the principal of the note sued on and all interest up to the date of the judgment, or to render judgments for the principal and for interest up to the time the property of the J. I. Campbell Company went into the hands of the receiver, if the company should be insolvent, or up to the date of the judgment, if the company should prove to be solvent.

We think the motion is meritorious, and that the judgment is obscure in the respect noted. For this reason the judgment heretofore directed to be entered will be modified, so as to direct the district court to render judgment for the interveners, Gaston & Ayres, for the principal of the note sued on, with interest as specified in the note up to the date of the judgment, if the company shall be found to be solvent, together with its attorney's fees; but, if said company should be found to be insolvent, then interest should be allowed up to the 14th day of February, 1908, when the receivership proceedings began, and the court is directed to enter judgment accordingly. Thomas v. Car Co., 149 U. S. 95, 13 Sup. Ct. 824, 37 L. Ed. 663; People v. Loan & Trust Co., 172 N. Y. 379, 65 N. E. 200; Brazelton & Johnson v. J. I. Campbell Co. (Civ. App.) 108 S. W. 778; First National Bank of Houston v. J. I. Campbell Co., 52 Tex. Civ. App. 445, 114 S. W. 887; Atlantic Nat. Bank v. Four States Grocer Co. (Civ. App.) 135 S. W. 1135.