WHITE et al. v. YOUNG et al.

(Court of Civil Appeals of Texas. Texarkana. March 21, 1912. Rehearing Denied April 11, 1912.)

RECEIVERS (§ 163*)—CLAIMS—INTEREST.

Where a receivership fund, available for payment of claims, amounted to less than the amount of the claims, it was proper to disallow interest on the demands accruing between the date when final distribution was ordered and the date when the demands were paid; the

delay having been caused by appeal from the order of distribution.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 312–316; Dec. Dig. § 163.*]

Appeal from District Court, Harrison County; W. C. Buford, Judge.

Motions by E. R. White and others against P. M. Young, receiver, and others, for allowance of interest on movants' demands. From a judgment overruling the motions, movants appeal. Affirmed.

Beard & Davidson, of Marshall, for appellants. M. B. Templeton, of Dallas, for appellee St. Louis Union Trust Co.

LEVY, J. The appellants, E. R. White and 14 others, at the February term, 1911, of the district court, each filed a motion praying the court to allow them legal interest on their demands against the receiver from the date of the judgment of the court of November 9, 1908, to July 15, 1910, and to direct the receiver to pay the same. The court by an order entered of record refused the motion, and this appeal is from the order refusing the motion.

The question that is presented in this appeal is: Did the court err, under the facts recited, in refusing to allow the appellants to be paid the interest claimed on their respective demands? The Texas Southern Railway properties were by order of the district court placed in the hands of a receiver, on application of mortgage creditors. The railway company was insolvent. Later there was a decree of foreclosure and sale, and the railway properties were bought in by the highest bidder therefor. The sale was confirmed by the court. The fund realized from the sale was the only fund with which to pay creditors, and was to be thereafter distributed by the court in the payment of the claims of creditors as their priorities might be determined to entitle them to participate therein. It is admitted that the demands of creditors largely exceeded the fund realized from the sale of the properties, and there was not enough to pay all creditors in full. Thereafter the court determined and classified for payment the demands of the many creditors, and made a final order on November 9, 1908, of general distribution and payment of the fund by the receiver to the creditors. The appellants' claims were for material and coal furnished the receiver for the operation of the road, and for damages for personal injuries, and had been reduced to judgments. The court passed their demands, evidenced by the judgments, to a final allowance in the order of general distribution mentioned, and also therein classified the same for priority of payment out of the funds as operating expenses of the receiver, which classification of payment was in priority of the demands of the Union Trust Company and the mortgage creditors of the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

railway company. Interest on these judgments of appellants was carried into the principal sum due from date of the judgments to the date of the final order of general distribution of November 9, 1908, and such interest and the principal constituted the total amount fixed by the court in his order of November 9, 1908, as the sum payable out of the fund to appellants. This judgment of classification and payment was appealed from to this court, and here finally adjudicated. Trust Co. v. Texas Southern Ry. Co., 126 S. W. 296 (writ of error denied). After the return of the mandate in the appeal, and on the 15th day of July, 1910, the receiver paid to these appellants the sum so audited and allowed by the court in such order appealed from, of November 9, 1908. The appellants demanded of the receiver at the time that he pay them interest on their demands from November 9, 1908, the date of the court's order of payment, to the date payment was actually made. The receiver refused to do so, and then appellants received the payment from the receiver under agreement that it should be without prejudice to make further demand for the interest so claimed by them. The order of general distribution and payment to creditors of November 9, 1908, did not provide nor allow interest after that date to creditors.

The court did not err, we think, in denying appellants' motion. The court, it appears, in computing the amount to be paid these appellants, added interest to the principal to the date of the order, thus using the terms of the judgments of appellants as the basis for the amount payable out of the fund to them. The rights of appellants were thus in the opinion of the trial court equitable, and justly fixed in the funds. The delay in the distribution and payment was due entirely, it appears, to the appeal from the final order of November 9, 1908, and the interest here claimed is solely for the delay in the appeal. The court having finally allowed the appellants' judgments and made a final general distribution of the fund to creditors on November 9, 1908, according to the proportionate share fixed and coming to each creditor, it was within the power of the court to refuse thereafter to disturb and unsettle the calculations and distribution made, so as to admit the further interest claimed by these appellants by reason of the delay of appeal. Thomas v. Western Car Co., 149 U. S. 95, 13 Sup. Ct. 824 (U. S.) 37 L. Ed. 663. And further, even though the original judgments bore interest, and assuming that a judgment creditor would be allowed to collect interest on his judgment to time of actual payment, where there are funds to pay same, nevertheless the fund from the sale being the only fund here to pay creditors, and it being admittedly insufficient to pay all the creditors, the court, in such condition and in the proper exercise of his power to make just distribution of the fund to all creditors, had the power to deny a further claim for interest on the character of claims of appellants. National Bank v. 4 States Grocery Co., 135 S. W. 1135; Gaston & Ayers v. Campbell & Co., 141 S. W. 515.

The judgment is affirmed.