ORIENT PETROLEUM CO. v. WICHITA STATE BANK & TRUST CO.

(Circuit Court of Appeals, Fifth Circuit. February 7, 1927.)

No. 4646.

Appeal and error ⟨⟝878(6)—Rule authorizing larger decree against appellant cannot operate to advantage of appellee, where there was no cross-appeal.

Though application of correct rule as to recovery of attorney's fees stipulated in note would have authorized a larger decree against appellant, it cannot operate to advantage of appellee where there was no cross-appeal.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

On petition for rehearing. Petition denied.

For former opinion, see 16 F.(2d) 417

W. F. Davis and George A. Smoot, both of Wichita Falls, Tex. (Smoot & Smoot, of Wichita Falls, Tex., on the brief), for appellant.

Preston B. Cox and Joseph S. Dickey, both of Wichita Falls, Tex. (Cox & Fulton, of Wichita Falls, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. Appellant presents no question that is not fully considered in the original opinion. However, appellee points out that the Supreme Court of Texas has settled the rule, in respect of an attorney's fee stipulated in a note, to be that such a fee is prima facie reasonable, and will be allowed, unless shown to be unreasonable, and cites to that effect Bank v. Robinson, 104 Tex. 166, 135 S. W. 372. Our original opinion is therefore incorrect in stating the Texas rule to be "that only a reasonable amount, and not the amount stipulated in notes providing for attorney's fees, can be collected, in the absence of proof that the party suing had agreed to pay to his attorney the amount stipulated in the notes sued on." The application of the correct rule, as it is now understood, would have authorized a larger decree against appellant; but it cannot now operate to the advantage of appellee, because there was no cross-appeal.

The petition for rehearing is denied.