JAMAIL v. C. B. CATO & CO.   (No. 9038.)

Court of Civil Appeals of Texas.   Galveston.
Oct. 26, 1927.

Rehearing Denied Nov. 23, 1927.

1. Appeal and error ⬅⬅907(3), 916(1)—In absence of statement of facts, appellate court held bound to presume that evidence sustained judgment and was not at variance with petition.

In absence of statement of facts, appellate court held bound to presume that evidence in suit for purchase price of melons sustained judgment for plaintiff and showed that total weight of melons at agreed price per hundredweight would cost certain total sum, where petition alleged contract to buy melons for this sum and evidence showed contract to buy at specified sum per hundredweight.

2. Sales ⬅⬅355(4)—Petition alleging contract to buy melons for total specified sum held not at variance with evidence showing contract to purchase at specified sum per hundredweight which would produce sum alleged.

Petition for purchase price of melons, alleging express contract to pay total sum for two carloads, held not at variance with evidence showing contract to pay 70 cents per hundredweight for the two carloads and that the weight of the melons at this price would produce the sum alleged.

3. Pleading ⬅⬅374—Only substance of issue need be proved.

It is necessary to prove only the substance of an issue.

4. Appeal and error ⬅⬅197(3)—Variance between petition and evidence held not reviewable, in absence of objection or exception to evidence.

Whether there was fatal variance between allegations of petition and evidence adduced held not reviewable by appellate court, where there was no objection or exception to introduction of evidence in support of petition.

5. Novation ⬅⬅1—Buyer's telegram that melons were not kind and quality contracted for, and seller's answer that buyer should pay and they would protect it, held not novation.

Melon buyer's telegram that melons were not of kind and quality contracted for, and seller's telegram in answer that buyer should pay draft and that they would protect it, held not to constitute a novation, but to leave the obligations of the parties unchanged.

Appeal from Harris County Court, Ben F. Wilson, Judge.

Suit by C. B. Cato & Co. against Joe E. Jamail. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Cole, Cole & O'Connor, of Houston, for appellant.

King & Wood and H. G. Butts, all of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee to recover of appellant the purchase price of two carloads of watermelons sold and delivered to him by appellee. Plaintiff's cause of action is thus alleged in its petition:

"That the defendant is justly indebted to plaintiff in the sum of ($408.47) for goods, wares, and merchandise sold and delivered to defendant at his special instance and request on July 31, 1925, for which the defendant promised and agreed to pay said amount; that said merchandise consisted of two cars of melons shipped by plaintiff from Weatherford, Tex., to the defendant on said date, one of which under the agreement of the parties to this action amounting to the sum of $199.85, the other to the sum of $209.62, making the total as above alleged $408.47."

The defendant answered by general demurrer and general denial, and specially pleaded failure of consideration and breach of warranty, in that the melons delivered to him were not of the kind and class that appellee contracted to sell him.

The trial of the case without a jury resulted in a judgment in favor of the plaintiff for the sum of $408.47, the amount claimed in the petition.

There is no statement of facts with the record, but the record contains the following conclusions of fact found by the trial judge, at the request of appellant:

"I find that on the 31st day of July, 1925, by telephone conversation from Weatherford, Tex., to Houston, Tex., plaintiff C. B. Cato, sold to the defendant Joe E. Jamail two cars of watermelons, the price to be 70 cents per hundred pounds f. o. b. Weatherford, Tex., and the quality to be first class for the 1925 season. That nothing further was said in reference to purchase and sale of said melons in said telephone conversation except as above outlined.

---

⬅⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"I further find that plaintiff Cato shipped the two cars of melons to the defendant, mailed the bills of lading to him, and drew two drafts on defendant for the sums of $199.85 and $209.62. That upon arrival of the melons, defendant wired plaintiff: 'Melons look good, cutting bad, we look for protection.' That plaintiff answered by wire: 'Pay draft. We protect you.' That the drafts were presented to defendant and payment refused. That defendant Jamail then sold the two cars of watermelons, one car to his cousin for the sum of $180, and the other car at retail from the car, from which he realized the sum of $160.58, making a total of $340.58 for the two cars.

"I further find that the price received by the defendant for the two cars of melons was the best market price obtainable at the time and under the circumstances. I find that the melons were of first-class quality for the season of 1925. That the defendant paid the freight of $232.42, and $21 as demurrage, on the two cars and tendered to plaintiff the remaining sum of $81.16, which amount was refused."

[1, 2] Appellant first assails the judgment on the ground that there was a fatal variance between the allegations of the petition and the evidence upon which the judgment was rendered, in that the petition alleges an express contract to pay $408.47 for two carloads of melons, while the contract for the purchase of the melons as found by the court was for the purchase of two carloads of melons at the price of 70 cents per hundredweight.

We cannot agree with appellant that the record discloses a fatal variance between the pleading and the proof. An appellate court must assume, in the absence of a statement of facts, that evidence necessary to sustain a judgment was adduced upon the trial. Under this rule, we must presume that the evidence before the trial court showed that the total weight of the melons received by appellant at the agreed price of 70 cents per hundredweight would produce the sum of $408.47. This being so, how can it be said that there was a fatal variance between the allegations and the proof?

[3] If one agrees with another to pay him 20 cents per pound for a bale of cotton, and the seller delivers to the purchaser a bale of cotton weighing 500 pounds, the purchaser under such contract has agreed to pay the seller $100 for the bale of cotton, and in a suit by the seller to recover the purchase price of the bale of cotton the allegation that the purchaser is justly indebted to the plaintiff in the sum of $100 for a bale of cotton sold and delivered to him by the plaintiff is fully sustained by proof that the defendant agreed to pay 20 cents per pound for a bale of cotton to be delivered to him by the plaintiff, and that plaintiff had delivered a bale weighing 500 pounds. It is a fundamental rule of evidence that only the substance of an issue is required to be proven.

[4] Rules of pleading, like all other rules of judicial procedure, are primarily intended as aids in investigating and determining the substantial rights of litigants, and a failure to strictly observe such rules will not be considered by an appellate court unless exception thereto is taken at the proper time. The record discloses no exception to the evidence offered by appellee in support of the allegations of the petition. Appellant knew what his contract was and without objection permitted appellee to prove that under the contract he had become liable and promised to pay the sum of $408.47 for the two carloads of melons, and cannot now be heard to say that under a purely technical construction of the pleading the contract proven was not technically identical with the contract alleged in the petition.

The difference between the two contracts is so immaterial that we are not inclined to hold that the trial court should have sustained objection to the evidence on this ground, but no objection having been made in the trial court, it is clear that it cannot be now considered by this court. If objection had been made and sustained in the trial court, a trial amendment would have cured any defect in the pleading, and a litigant will not be permitted to acquiesce in error of this kind and take advantage of such acquiescence on appeal.

The following authorities illustrate and apply the legal rules above stated: Smith v. Norton, 63 Tex. Civ. App. 416, 133 S. W. 733; Jones v. Motor Car Co. (Tex. Civ. App.) 224 S. W. 701; Bland v. Cruce (Tex. Civ. App.) 238 S. W. 720; Bay Lumber Co. v. Snelling (Tex. Civ. App.) 205 S. W. 763; Dallas Cotton Mill v. Huguley (Tex. Civ. App.) 230 S. W. 432.

[5] Appellant further assails the judgment on the ground that the findings of the trial court above set out as to the telegrams which passed between the parties after the melons arrived in Houston show that a new contract was made, and appellant, having taken possession of the melons either under the new contract or wrongfully because of his failure to first pay the drafts, would in no event be held liable for more than their reasonable market value.

This contention cannot be sustained. The telegrams set out in the findings cannot be considered as a novation of the contract. The obligations of the parties were not changed in the least by these telegrams. Under the terms of the original contract, appellant was obligated to pay the agreed purchase price of the melons when he received them if they were of the kind and quality which appellee agreed to ship him; and appellee was bound to protect appellant against loss caused by its failure to deliver the kind and quality of melons described in the original contract. Appellee's telegram merely reaffirmed his obligation under the contract, and called on appellant to comply with his obligation to pay for the melons. The court finds, and the finding is not questioned, that the melons were of the kind and quality described in the con-

tract. This finding disposes of appellant's pleas of failure of consideration and breach of contract, and makes appellant liable for the contract price of the melons.

To contend that this liability of his was changed to one for the reasonable market value of the melons because appellant, when he inspected the melons on arrival, telegraphed appellee in effect that they were not of the kind and quality contracted for, and in reply appellee wired appellant: "Pay draft. We protect you," and appellant without paying the draft took possession and disposed of the melons, seems to us to be obviously untenable, and can find no support in reason or authority.

The judgment must be affirmed, and it has been so ordered.

Affirmed.