William McMurrey, of Coldspring, for appellants.

Browder & Barlow, of Coldspring, for appellees.

O'QUINN, Justice.

This appeal was taken from a judgment of the district court of San Jacinto county, refusing to reinstate the case on the docket of said court, which had been dismissed for want of prosecution, and was filed on the docket of this court on May 5, 1933, and was by this court, on June 29, 1933, set for submission on November 23, 1933.

The case is before us without briefs by either party, and no excuse is shown why briefs have not been filed. The rule is well settled that the failure of the parties to an appeal, without good cause being shown, to file briefs, in accordance with the rules prescribed by the Supreme Court and the statute, authorizes the Court of Civil Appeals to dismiss the appeal without searching the record for fundamental error. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811; Ferguson v. Harris County (Tex. Civ. App.) 42 S.W.(2d) 297; Yuba Oil Co. v. Williams (Tex. Civ. App.) 50 S.W.(2d) 416.

The appeal is dismissed.

## RYCHENER et al. v. McGUIRE.
### No. 9189.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 6, 1933.

Z. I. Drake and W. T. Carlton, both of Harlingen, for appellants.

J. C. Myrick, of Harlingen, for appellee.

FLY, Chief Justice.

This suit was brought by appellee, Eugene McGuire, against appellants, M. Rychener and A. C. Moody, on an indebtedness evidenced by a promissory note for $2,233.57, with interest at 8 per cent. from maturity until paid, as well as 10 per cent. attorney's fees in event "default is made in the payment of the note, or any installment thereof, at maturity, and it is placed in the hands of an attorney for collection or suit is brought on the same, then an additional amount of 10 per cent on the principal and interest of the note shall be added to the same as collection fees. * * *" There was a credit on the note in the sum of $584.85.

The case was heard without a jury and judgment rendered in favor of appellee in the sum of $2,233.58 principal, $67 interest, and $230 as attorney's fees.

The evidence showed that appellants had made, executed, and delivered the note sued on to appellee and had failed to pay off any portion of it except the amount credited thereon.

The first proposition of appellants is overruled. There is no basis in the statement of facts for the facts upon which the proposi-

tion is based. Appellants sought to prove that a note for $5,500 was given by C. H. McCubbins to appellee and indorsed by them. The note was reduced in amount by payments to $2,233.57, and appellants gave the note involved in this case to appellee, the holder of the original note. It is the contention of appellants that the note in suit was merely a renewal of the balance due on the old note, and that they still hold the character of indorsers on the note which was executed by them as principals. In other words, their assumption of the balance remaining on the original note did not change the position occupied by them as indorsers on the original note. We cannot sustain that position. However, appellants may have been bound on the original note, they made the debt their own, and gave their note as principals for the sum due on it. When appellants executed the note in suit, certain property, which had been given as security for the original note, was turned over to them with authority to sell the same, which they did, and used the proceeds as payment on the note. There was sufficient consideration for the execution of the last note, and appellants are bound on it as principals. In this connection we wish to state that the holder of the note gave up the note signed by the original maker and indorsed by appellants, allowed appellants to take possession of the security for payment on the note, and that alone was sufficient consideration for the execution of the note sued on. The original maker of the note was not a necessary or even proper party to this new obligation assumed by appellants alone.

The contention that the court erred in rendering judgment for attorney's fees set out in the note, in the absence of proof that appellee had agreed to pay the 10 per cent. to the attorney, is without merit and is overruled. This has been definitely settled by two decisions of the Supreme Court. First Nat. Bank v. Robinson, 104 Tex. 166, 135 S. W. 372; Lanier v. Jones, 104 Tex. 247, 136 S. W. 255. It is held in these cases, and it is reasonable, that, when a note is sued on and the pleadings signed by an attorney, it is presumable that he had been employed to bring the suit, and that he will receive at least as much compensation as is provided for in the note. In the absence of attack, the note proved itself, and the attorney's fees were a part of the note.

The fourth proposition is totally without merit and has no foundation whatever in law and fact and is overruled.

The judgment is affirmed.