**EAST TEXAS TITLE CO. v. PARCHMAN et al.**

No. 5179.

Court of Civil Appeals of Texas.
Texarkana.

March 30, 1938.

Rehearing Denied April 21, 1938.

Hamlin Smithdeal, of Dallas, for plaintiff in error.

Wilkinson & Wilkinson, of Mt. Vernon, and W. W. Harris, of Jefferson, for defendants in error.

JOHNSON, Chief Justice.

In 1912 the Mattinson Abstract Company of Mt. Vernon, Franklin county, Tex., a partnership composed of J. E. Mattinson and Miss Annie Leftwich, was formed for the purpose of engaging in the business of making abstracts of title to land, the preparation of deeds, and other documents pertaining thereto. They continued to operate the business as a partnership until December, 1927, at which time it was incorporated under the name of East Texas Title Company, with a capital stock of $10,000, consisting solely of the assets and business taken over from the partnership, and being all the property owned by the partnership, except some encumbered real estate which was disposed of in satisfaction of the in-

debtedness against it. The capital stock of the corporation was divided into 200 shares of the par value of $50 each, all owned by the former partners, J. E. Mattinson and Miss Annie Leftwich, except that "for organization purposes" 2 shares each were issued to J. A. Mattinson and C. A. Mattinson, sons of J. E. Mattinson. At the time of incorporating its assets, the partnership owed certain debts which formed the basis of this litigation. The corporation still has in its possession the abstract plant and the other property taken over from the partnership. It owns no other property than that so acquired from the partnership. J. E. Mattinson died in March, 1931. This suit was filed in July, 1935, by W. H. Parchman, D. W. Wooten and wife, Mrs. D. W. Wooten, J. W. Grooms, and the First National Bank of Mt. Vernon, Tex. The petition in substance alleges that plaintiffs are creditors of the former partnership and that the corporation is indebted to plaintiffs by reason of the corporation having taken over the assets and assumed the payments of the debts of the partnership; and that plaintiffs' said indebtedness against the corporation is that evidenced by certain promissory notes described in the petition; that the notes are signed by the Mattinson Abstract Company and J. E. Mattinson and Annie Leftwich, but that they represent indebtedness which the corporation in taking over the assets and business of the partnership had promised, assumed, and become liable to pay; that plaintiffs held in their hands as collateral security for the payment of their indebtedness against the corporation 81 shares of its capital stock; that the corporation was insolvent; and that it was necessary to bring this suit to prevent plaintiffs' debt being barred by limitation. The petition prayed that a receiver be appointed and that plaintiffs have judgment establishing their respective debts, and for a foreclosure of their lien upon the capital stock of the corporation held as security; and that their claims be ordered paid pro rata out of the proceeds of the assets held by the corporation, and for such other and further relief in law and in equity to which they may be entitled.

J. A. Mattinson, holder of 2 shares of capital stock, and as its vice-president, answered for the corporation. The answer contains a general denial, and specially alleges: "that the indebtedness alleged by plaintiffs herein are not valid and subsisting claims against the defendant and that said indebtedness alleged and claimed were debts of Mattinson Abstract Company, a former partnership, composed of J. E. Mattinson and Miss Annie Leftwich, and that said East Texas Title Company could not legally assume payment of same, and that said debts and contracts to pay such would be ultra vires, and not binding on the Company."

Plaintiffs filed a supplemental petition in answer to defendant's special plea and more specifically alleging the facts upon which plaintiffs claimed liability of the defendant corporation, in taking over and incorporating upon the assets of the partnership.

In answer to plaintiffs' supplemental petition J. A. Mattinson filed a supplemental answer for the defendant corporation. The answer reads:

"This defendant excepts to the supplemental petition of plaintiff and says that the same is wholly insufficient in law and alleges no cause of action or defense to defendant's answer and shows that plaintiff is not entitled to recover herein as the notes and contracts alleged are illegal and are ultra vires;

"Wherefore same should be stricken out and held for nought, and this cause be dismissed.

"This defendant says that the property which went into the corporation to form The East Texas Title Company was the property of Mattinson Abstract Company, and that the plaintiffs herein had no lien on same, and that the said property was exempt under the law from forced sale.

"This defendant says that the debts alleged by plaintiffs were not the debts of The East Texas Title Company, and were not necessary and made without authority, and was not authorized by the Charter of said Company."

Trial of the cause to the court without a jury resulted in judgment against the defendant, East Texas Title Company, and in favor of plaintiffs in the amount of their respective debts as evidenced by the notes, principal, interest, and attorney's fees. The defendant corporation has appealed by writ of error to this court.

Appellant's first proposition contends that the trial court committed fundamental error in rendering judgment on the note held by appellee J. W. Grooms and on the note held by appellee First National Bank of Mt. Vernon, in that, it is contended, the respective amounts evidenced by each of said notes is below the jurisdiction

of the district court. The amount due on the Grooms note is $490 principal and $130.67 interest, and $62.06 attorney's fee; the amount due on the bank's note is $470 principal and $126.24 interest, and $59.62 attorney's fee. The principal plus the attorney's fees due on each of said notes amounts to more than $500. In determining the amount in controversy for jurisdictional purposes, the attorney's fees as well as the principal may be taken into consideration. Altgelt v. Harris, Tex.Sup., 11 S.W. 857. The proposition is overruled.

Appellant's fourth proposition, as fundamental error, asserts: "The court did not have jurisdiction to render a judgment for attorney's fees on each of the notes sued on against the defendant in the absence of any pleading or prayer for such recovery."

■ In describing the notes, appellees' petition does not expressly set out the provision contained in each for the payment of 10 per cent on the amount due if after maturity it is placed in the hands of an attorney for collection, nor is the matter of attorney's fees expressly stated in the prayer. However, the petition describes each note sufficiently to identify it and puts in issue the entire obligation contained in the note by alleging that plaintiffs' indebtedness against defendant is that "represented by the notes." The attorney's fees were part of the notes. The petition further alleges that the corporation was insolvent and that it had become necessary to bring this suit to prevent plaintiffs' indebtedness as evidenced in the notes from being barred by limitation. Defendant presented no demurrer or exception to the petition. Its demurrer to the supplemental petition was not acted upon. The notes were introduced in evidence without objection. They were all long past due. The pendency of the suit, instituted upon petition signed by plaintiffs' attorneys attempting to collect the notes, were matters before the court warranting a finding of maturity of the conditions authorizing recovery of attorney's fees, as well as principal and interest. In such circumstances the aggregate of the three items, principal, interest, and attorney's fees, composed the total "indebtedness represented by the notes." In declaring upon and praying judgment for the "indebtedness represented by the notes," that the pleader meant all the indebtedness provided for in the notes is but a reasonable implication in favor of the petition after judgment. So, in the absence of any complaint

in the trial court, we think, that appellant's attack upon the judgment for inclusion of attorney's fees as a part of the "indebtedness represented by the notes" cannot be sustained. Smith v. Norton, 63 Tex.Civ. App. 416, 133 S.W. 733, 735; Adams v. Bartell, 46 Tex.Civ.App. 349, 102 S.W. 779; Roberts v. J. B. Colt Co., Tex.Civ. App., 31 S.W.2d 196; Rychener v. McGuire, Tex.Civ.App., 66 S.W.2d 413. In the last case cited it is said (page 414):

"The contention that the court erred in rendering judgment for attorney's fees set out in the note, in the absence of proof that appellee had agreed to pay the 10 per cent. to the attorney, is without merit and is overruled. This has been definitely settled by two decisions of the Supreme Court. First Nat. Bank v. Robinson, 104 Tex. 166, 135 S.W. 372; Lanier v. Jones, 104 Tex. 247, 136 S.W. 255. It is held in these cases, and it is reasonable, that, when a note is sued on and the pleadings signed by an attorney, it is presumable that he had been employed to bring the suit, and that he will receive at least as much compensation as is provided for in the note. *In the absence of attack, the note proved itself, and the attorney's fees were a part of the note.*" (Italics ours.)

■ Appellant's second proposition contends that appellees' petition does not allege that the notes sued on were "executed and delivered and that they were owned by plaintiffs." As here presented, the contention is an attack upon the judgment as being void for want of pleadings to support it. The petition, among other things, alleged that the indebtedness evidenced by the notes had been contracted by the Mattinson Abstract Company, a partnership composed of J. E. Mattinson and Annie Leftwich; that the notes had been signed by the Mattinson Abstract Company and J. E. Mattinson and Annie Leftwich; that they were made payable to the respective plaintiffs, naming them; that they constituted debts against the Mattinson Abstract Company which defendant had assumed and become liable to pay. The record shows that they are negotiable promissory notes, in the hands of the payees, and by them were introduced in evidence upon the trial of the case without objection. When given the benefit of all reasonable implications to which it is entitled after judgment, we think the petition is sufficient to support the judgment against the attack here made.

Appellant's third proposition attacks the judgment as being fundamentally erroneous because, it is contended, the petition failed to allege that the two notes held by plaintiff W. H. Parchman were "due and payable." As pertinent, the petition alleges: "One note *payable* to W. H. Parchman, for the sum of $800 dated March 27, 1929, about April 2, 1933; and one note *payable* to W. H. Parchman, for the sum of $1,000 dated April 2, 1928, * * * *due* April 2, 1933. * * *" (Italics ours.)

It is contended by appellees that the word "about" before the date April 2, 1933, should have been the word "due." The position of the word "about" is found in the same place or position as the word "due" is found in the description of each of the other notes; which circumstance in some degree supports appellees' contention that it was a clerical error. However, and disregarding appellees' contention of clerical error, the allegation as it reads is susceptible of the construction that the note is "payable to W. H. Parchman * * * about April 2, 1933," which shows the note to be due more than two years prior to the filing of the suit. As to the second note, the petition expressly alleges that it was "payable to W. H. Parchman * * * and due April 2, 1933." Appellant's contention is not sustained.

Appellant's fifth, sixth, seventh, ninth, tenth, and eleventh propositions attack the judgment as being without support in evidence sufficient to attach liability against defendant corporation; and its eighth proposition is to the effect that the corporation's assumption, if any, of the debts of the partnership was "ultra vires" and not binding on the corporation. The evidence shows that the corporation was organized for the purpose of and did take over, and was incorporated solely upon, the entire unincumbered assets of the partnership. Miss Annie Leftwich was one of the two partners who thus incorporated their partnership and business. After incorporating, the capital stock was divided between the two partners in proportion to their respective interest in the partnership, except that "for the purpose of organization" two shares of capital stock were issued to J. A. Mattinson and two shares to C. A. Mattinson. None of the capital stock has changed hands, except upon the death of J. E. Mattinson the stock owned by him passed to his family.

Miss Annie Leftwich, as secretary and manager of the corporation, has continued in charge of the property and business. She testified on the trial of the case. Her testimony is to the effect that the notes here sued on were given for money that went into the business and that it was her understanding that in taking over the assets of the partnership the corporation agreed to pay the debts of the partnership. Her testimony is not disputed, and the record raises no contrary inference. No other consideration is shown to have been paid by the corporation for the assets of the partnership which it now holds in its possession, other than its obligation to pay the debts of the partnership. We think the evidence is amply sufficient to support the trial court's judgment holding the corporation liable for the payment of the notes sued on in this case. 10 Tex.Jur. 1018, § 353, states the rule here applicable as follows:

"Where a corporation is organized to take over the assets and liabilities of another concern, whether conducted by individuals or by a corporation, the new organization is directly liable to creditors of the former business, it being the rule in Texas that where one person for valuable consideration agrees to pay to a third person a sum due him from another, the latter may recover directly from the debtor.

"In the absence of an express undertaking to pay the debts of a predecessor, there is a presumption that it was intended that a corporation organized to take over all the assets of its predecessor should assume its liabilities also."

The judgment of the trial court will be affirmed.

### On Motion for Rehearing.

In its motion for rehearing plaintiff in error complains of our finding: "At the time of incorporating its assets, the partnership owed certain debts which formed the basis of this litigation." All the indebtedness was not incurred prior to dissolution of the partnership. Some of the notes sued on were executed after the partnership was dissolved, and after the corporation was formed. They were signed by J. E. Mattinson and Annie Leftwich, and the corporate name was not affixed to them. But it is not thought the corporation can avoid liability on that ground alone. The notes were executed for money borrowed by and for the corporation,

and the proceeds went into the business of the corporation. J. E. Mattinson was president and Annie Leftwich was secretary and general manager of the corporation. In fact, it appears that they were the alter ego of the corporation. Gaston & Ayres v. J. I. Campbell Co., 104 Tex. 576, 140 S.W. 770, 141 S.W. 515.

The motion for rehearing is overruled.