Samuel B. CARROLL et ux., Appellants,

v.

Karen Sue PAETZNICK, Appellee.

No. 13148.

Court of Civil Appeals of Texas, Austin.

Aug. 6, 1980.

Rehearing Denied Aug. 26, 1980.

James R. Weddington, Friedman, Weddington, Hansen & Gordon, Austin, for appellants.

David M. Moore, Wilson & Grosenheider, Austin, for appellee.

SHANNON, Justice.

Appellants Samuel Carroll and Alice Carroll, husband and wife, appeal from the judgment of the district court of Travis County. The judgment allowed appellee Karen Sue Paetznick attorney's fees in the sum of $3,480.00 predicated upon indemnity provisions of a release signed by appellants. This Court will affirm the judgment.

Appellants, appellee, and Debi Lynn Short were involved in a three-car collision in Travis County on August 30, 1976. In consideration for payment of $12,000, appellants signed an instrument releasing appellee of all claims arising from the collision. For the same consideration, appellants in the same writing further agreed ". . . to indemnify . . . each person . . hereby released . . . [for] all damages, including without limitation . . . attorney's fees . . . that any of them may incur or become liable for as the result of any . . . suit . . . by . . [appellants] . . . directly or indirectly . . . arising out of . . . [the collision] . . . ."

Appellants later sued Debi Lynn Short. Short filed a third-party action against appellee asserting that appellee's negligence proximately caused the collision and praying for indemnity or contribution from appellee in the "unlikely event" appellants obtained a judgment against Short. During the course of suit, appellants amended their petition adding appellee as a party defendant and alleging that appellee's negligence, as well as that of Short, proximately caused the collision. In response to appellants' amended pleading, appellee filed an answer and cross-complaint asserting the compromise settlement and resultant release. In the cross-complaint, appellee sought relief allegedly afforded by the indemnity paragraph of the release.

Before trial, appellants and appellee stipulated to the district court that irrespective of any jury finding as to appellee's negligence, neither appellants nor their minor children were entitled to recovery from appellee because of the provisions of the release.

The case in main was tried to a jury. Although the jury refused to find Short negligent, it found both appellant Samuel Carroll and appellee guilty of negligence that proximately caused the collision.

Appellee's case for attorney's fees, pursuant to the indemnity provision in the release, was tried to the court. The district court entered judgment providing, among other things, that appellee recover $3,480.00 in attorney's fees from appellants. It is from that part of the judgment that appellants have appealed.

Appellants' primary claim is that the indemnity provision, properly construed, did not authorize judgment for appellee for attorney's fees incurred by appellee in defense of Short's third-party action. In response, appellee claims that the judgment for attorney's fees was justified in that (1) her defense of Short's third-party action was contemplated by the indemnity provision and (2) she was forced to defend in reply to appellants' suit against her.

■ In case of an unambiguous writing, the courts give effect to the intention of the parties as expressed or is apparent in the writing. The instrument alone will be deemed to express the intention of the parties for it is the objective, not subjective, intent that controls. *Ohio Oil Company v. Smith*, 365 S.W.2d 621 (Tex. 1963).

■ The doctrine of *strictissimi juris* is not a rule of construction to be used in the determination of intent in an indemnity contract. The words of the contract, as reflective of intent, are to be construed by the application of ordinary rules of construction. It is only after intent has been determined that the doctrine of *strictissimi juris* is applicable to prevent the liability under the contract from being extended beyond the terms of the agreement. *Ohio Oil Company v. Smith, supra.*

■ From an examination of the terms of the writing, this Court views the release as one providing that appellants agreed to indemnify appellee for all damages, including attorney's fees, that she might incur as the result of any suit by appellants, arising directly or indirectly from the collision. It is plain that Short's third-party action asserted against appellee arose from the three-car collision. It is equally manifest that Short sued appellee only after appellants first filed suit against Short.

■ By their third point of error appellants maintain that there was no evidence that the total number of hours expended by appellee's attorney was reasonable and necessary for the defense of the case. This Court has held that appellants agreed to indemnify appellee for attorney's fees arising from Short's third-party action against appellee. Appellee's attorney testified that he had expended more than seventy hours in the defense of the suit and that such time was "reasonably and necessarilly [*sic*] incurred in defending [appellee] in connection with this lawsuit, which was filed by the [appellants]." Considering only the evidence most favorable to the district court's judgment for attorney's fees and disregarding entirely that which is opposed to it or is contradictory, *Renfro Drug Co. v. Lewis*, 235 S.W.2d 609 (Tex. 1950), this Court has concluded that the judgment awarding attorney's fees is supported by some evidence. The point of error is overruled.

■ Finally, appellants claim that there is no evidence that appellee became liable to pay attorney's fees. It is true that there is no proof that appellee agreed to pay her attorney the fee that would be proved up at trial. Nonetheless, under the circumstances of this case, such proof was not required. By the terms of the release, appellants' promise to pay attorney's fees was fixed as a contract of indemnity to pay whatever attorney's fees were proved up at trial. *See: First National Bank of Eagle Lake v. Robinson*, 104 Tex. 166, 135 S.W. 372 (1911); *Lanier v. Jones*, 104 Tex. 247, 136 S.W. 255 (1911).

The judgment is affirmed.

PHILLIPS, C. J., not sitting.