CUNNINGHAM et al. v. AULT.    (No. 952.)

(Court of Civil Appeals of Texas.    El Paso.
April 10, 1919. Rehearing Denied
May 8, 1919.)

1. VENDOR AND PURCHASER ⊂⇒350—ACTION FOR SHORTAGE IN ACREAGE—EVIDENCE.

In an action to recover damages for a shortage in acreage of land sold, evidence *held* sufficient to sustain the jury's findings upon special issue that such lands were sold by the acre, and that vendor represented each of such sections to contain the full 640 acres.

2. APPEAL AND ERROR ⊂⇒1050(1)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In action for shortage in acreage of tract of land sold where the correctness of survey which disclosed the shortage was not challenged, erroneous admission of letter from land office commissioner, in reply to surveyor's communication inclosing field notes for filing, in which it was stated that field notes were accepted as correct, was harmless error.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Action by T. J. Ault against J. F. Cunningham and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Cunningham & Oliver and Ben L. Cox, all of Abilene, for appellants.
Geo. T. Wilson, of Sweetwater, for appellee.

WALTHALL, J.   T. J. Ault, appellee, sued J. F. Cunningham and J. W. Bettes, appellants, for $826.73, alleged to be due him for a shortage of 143.78 acres in four sections of land, sold by appellants to him at $5.75 per acre. Appellee alleged that appellants sold him said four sections of land at an agreed price of $5.75 per acre and represented to him that said sections were full sections and contained 640 acres each, and that the aggregate sum agreed to be paid for said four sections of

land was arrived at by a calculation on that basis, or a total of 2,560 acres; that as a matter of fact said sections contained only 2,416.22 acres, or 143.78 acres less than the amount he paid for at said agreed price; and that he had therefore, by mutual mistake as to the amount of land contained in the four sections, paid appellants $826.73 more than he should have paid them.

Appellants answered by general denial, denial of knowledge of appellant of any shortage, if any, and that the conveyance from appellants to appellee was for a lump sum of money, and that the trade, in effecting the sale, was a lump trade.

The case was submitted to a jury on special issues. The jury found: (1) The four sections of land in controversy were sold by appellants to appellee by the acre; (2) appellants represented each section to be a full section of 640 acres; (3) said land was sold at the price of $5.75 per acre; (4 and 5) there is a shortage in the acreage of 143.78 acres; (6) appellee, Ault, did not know of said shortage; (7) appellants, nor either of them, knew of the shortage; (8) Ault did not accept the land regardless of the shortage.

Judgment was rendered on the jury's findings in favor of appellee for the sum of $826.73.

[1] Appellants present three assignments of error. The first two assignments are based on the insufficiency of the evidence to sustain the findings of the jury on the first and second special issues submitted. The evidence is too lengthy to reproduce here. We think it clearly sustains the findings on both issues. The four sections of land were owned by appellants in undivided interests. After much conversation as to the price per acre, detailed in the evidence, appellant Cunningham was willing to and did accept $5.50 per acre for his interest, and, Bettes being unwilling to accept less than $6 per acre for his interest, the average price per acre agreed to be paid and accepted was $5.75; of said amount, Cunningham was to receive $5.50 per acre for his interest, and Bettes was to receive $6 per acre for his interest, and with that understanding the deal was closed. At the time of the sale and purchase, the parties did not know the number of acres contained in each section, but estimated the four sections each at 640 acres. After the transaction was closed, a survey was made of each section, and a shortage in acreage, as alleged, was disclosed. The correctness of the survey is not challenged.

[2] The field notes of the survey of the four sections in controversy were sent to the land office by the county surveyor making the survey, and a part of the letter from the land commissioner in reply thereto was introduced in evidence over the objections of

appeffants, and its introduction in evidence is made the basis of the third assignment. The introduction of the letter in evidence was error, but we think not reversible error. The point at issue was the shortage in acreage. The correctness of the survey was the feature of the evidence that determined the issue of the shortage. The correctness of the survey disclosing the shortage was not challenged, and the letter from the commissioner disclosed only that the field notes of the county surveyor of the four sections were received and filed by the commissioner, and that they were accepted as a correct survey as to acreage in each survey.

Finding no reversible error, the judgment is affirmed.