**WALLACE et al. v. FIRST NAT. BANK OF CLOVIS, N. M. (No. 1386.)**

(Court of Civil Appeals of Texas. El Paso. Dec. 14, 1922. Rehearing Denied Jan. 11, 1923.)

1. Appeal and error ⬅1052(5)—Evidence ⬅ 113(16)—Offer by purchaser to resell at purchase price held inadmissible on value.

In an action on a note secured by chattel mortgage on live stock, in which defendant alleged a counterclaim by plaintiff's seizure and sale of the stock for less than its proper value, it was error to permit plaintiff to introduce a letter from his purchaser to the defendant, offering to resell for the same price, plus cost of feed, though the court limited such evidence to the issue of market value, but such error was harmless in view of the jury's finding of value exceeding the prices quoted in the letter and for which the animals sold, and in excess of the value placed thereon by plaintiff's witnesses.

2. Evidence ⬅589—Jury not bound by party's valuation of his property.

In an action involving the value of chattels mortgaged, a jury was not bound to accept the defendant's valuation by reason of his interest.

3. Bills and notes ⬅534—Judgment for attorney's fees in accordance with contract held proper.

In an action on a note secured by chattel mortgage, in which defendant filed counterclaim, alleging a sale of the animals by mortgagee not within the terms of the mortgage and a conversion of one animal not included in the mortgage, but the seizure was by reason of defendant's default, judgment for plaintiff for attorney's fees in accordance with the provisions in the note was proper.

4. Chattel mortgages ⬅288—Mortgagee, taking possession of live stock on default, held entitled to credit for feed bill paid by him.

Under Rev. St. 1911, art. 5664, giving a lien for feed for animals, a chattel mortgagee who, when seizing the animals on mortgagor's default according to the terms of the mortgage, was compelled to pay an existing feed bill to effect such seizure, was properly allowed a credit therefor, but should not have been credited with an amount for one animal wrongfully seized as not being one of those mortgaged.

5. Appeal and error ⬅1171(2) — Wrongful credit of $7 in suit for $3,743 held not to warrant reversal.

In suit on a note for $3,743, an error in a credit allowed plaintiff not exceeding $7 held not to warrant disturbing the judgment.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Action by the First National Bank of Clovis, N. M., against William E. Wallace and others. Judgment for plaintiff, and defendants appeal. Affirmed.

B. W. Baker, of Midland, for appellants.
E. R. Bryan, of Midland, for appellee. '

HIGGINS, J. The appellee brought this suit against Wm. E. Wallace, appellant, and others against whom no judgment was obtained, to recover a balance alleged to be due upon a promissory note for $3,743.30 in its favor executed by Wallace. The note was dated August 2, 1918, due .90 days after date, and was secured by a chattel mortgage upon 28 cows, 25 calves, and 250 head of registered cows. It was alleged that the mortgage was a first lien upon the 28 cows and 25 calves and a second lien upon the 250 registered cows. The other defendants were alleged to claim a prior lien upon the 250 registered cows. Plaintiff alleged that the mortgage provided that: .

"Should the security herein described be impaired or decrease in value from any cause, or should not be receiving proper attention by the mortgagor, before maturity hereof, the mortgagee shall have the privilege of disposing of the same at any time."

That the 28 cows and 25 calves were neglected by Wallace, were not receiving the proper attention and feed, and it became necessary for plaintiff under above-quoted pro-

---

vision to take charge of same and give them the necessary care and feed and dispose of same, which he did, the proceeds of the sale being $1,630; that before such disposition it was necessary for plaintiff to pay a feed bill of $300.90 against said cattle, which it did, and applied the net proceeds of $1,329.10 on the note. Wallace answered, setting up that the mortgage provided:

"In case said note is not paid at its maturity, then the said First National Bank of Clovis is hereby authorized and empowered to take charge of the property hereinabove described and sell same at public outcry, for cash, at Clovis, in county and state aforesaid, wherein the above-described property is located, after giving the time, place, and terms of sale, at three public places in said county, or according to law governing the foreclosing chattel mortgages in said state."

That the cattle were not sold in the manner provided by the mortgage; that the cattle so taken and sold by plaintiff consisted of one registered Hereford bull of the value of $500, which was not covered by the mortgage, and 26 cows and 19 yearlings embraced in the mortgage; it being alleged that the cows were worth $150 per head and the yearlings $90 each. Defendant denied that he had neglected the cattle, or that same were not being properly cared for. It was alleged that the plaintiff in taking possession of the cattle and selling same at private sale, and in a manner not authorized by the mortgage, and for less than their value, thereby converted the same, and the alleged value of the animals was pleaded as a counterclaim to the plaintiff's demand.

It was shown that possession of the animals was taken by plaintiff about February 10, 1919, and sold a day or two later at private sale, the cows bringing $45 each, the yearlings $25 each, and $30 for the bull. The case was submitted upon one special issue, viz.:

"What was the reasonable market value of the cattle in question at Clovis, N. M., at the time they were sold?"

The verdict fixed the values at $60 each for the cows, $35 each for the yearlings, and $100 for the bull. The judgment recites that the uncontradicted evidence shows that there were 25 cows, 19 yearlings, and 1 bull sold. The court deducted from the total value of the animals the amount of the feed bill paid by the plaintiff in the sum of $300.90, and allowed Wallace a credit of $1,964.10. After allowing such credit judgment in plaintiff's favor was rendered for the balance due upon the note, with interest and attorney's fees, and Wallace appeals.

[1] Appellee offered in evidence a copy of letter written on June 25, 1919, to appellant by a member of a firm to whom appellee had sold the cattle in the preceding February. The letter upon its face indicates that it was written in response to some inquiry by appellant. The writer advised Wallace that they bought the cattle at $45 for the cows, $25 for the calves, and $30 for the bull, and offered to resell them to Wallace for the same price, plus what it had cost to feed them. The court instructed the jury that its consideration was limited to the issue of market value.

Appellant complains of the admission of the letter, and it should have been excluded. But in the condition of the record the error is harmless, for it is apparent the jury was not influenced thereby. They assessed the values very much in excess of the prices quoted in the letter and in excess of the price for which they were sold by the bank. Also in excess of the values placed upon the animals by the witnesses for appellee. The improper admission of the letter was harmless. Railway Co. v. Hartford Fire Ins. Co. (Tex. Civ. App.) 220 S. W. 781; Stein v. Roberts (Tex. Civ. App.) 217 S. W. 166; Railroad Co. v. Dew Bros. (Tex. Civ. App.) 212 S. W. 190; Cunningham v. Ault (Tex. Civ. App.) 211 S. W. 477; Railroad Co. v. Stivers (Tex. Civ. App.) 211 S. W. 319.

[2] The finding that the bull was worth $100 is assailed upon the ground that it is contrary to the uncontradicted evidence of the appellant, who testified that it was worth $500. But the jury was not bound to accept the defendant's valuation as correct, for he was an interested witness (Railway Co. v. Lucas [Tex. Civ. App.] 148 S. W. 1149, and cases there cited), and, besides, his testimony in that respect is impeached by his admission that upon a former trial of the case he had testified that the bull was worth $300. Furthermore, one of the purchasers testified concerning the animal as follows:

"He was a small droughty bull; weighed 500 and some odd pounds; coming two year old, I believe. * * * He was thin. * * * We wouldn't want him in our herd."

[3] As to the judgment for attorney's fees given in accordance with the provision therefor contained in the note this matter presents no error. Bank v. Robinson, 104 Tex. 166, 135 S. W. 372; Lanier v. Jones, 104 Tex. 247, 136 S. W. 255.

[4] Error is also assigned to the action of the court in allowing appellee a credit upon the value of the cattle converted for the item of $300.90 paid as a feed bill. In this connection appellee invokes the provisions of article 5664, R. S., which gives a lien to keepers of livery and public stables and to the owners and lessees of pastures upon all animals placed with them for feed, care, and attention for the amount of their charges. The evidence is sufficient to show that the feed bill was an authorized and proper charge against the animals and secured by lien under the statute. Appellee having discharged the same and rightfully taken possession of the

cows and yearlings, the amount thus paid for their feed was a proper credit against the damage arising from their subsequent technical conversion.

[5] It is true that so far as the bull was concerned appellee became liable as for conversion when it took possession thereof, for as to that animal appellee had no lien or any authority to assume control. As to it appellee was a tort-feasor ab initio, a volunteer in paying the charge against it, and is entitled to no credit for his feed bill. But it does not exceed $7, and no point in this respect is urged. The amount is so small that it is unnecessary to disturb the judgment on that ground. "De minimis non curat lex." Kittredge v. Chillicothe Loan & Bldg. Ass'n, 103 Mo. App. 361, 77 S. W. 147. See, also, cases cited in 13 Cyc. 779, note 37.

Affirmed.