## WHEELER v. STONE.    (No. 2312.)

(Court of Civil Appeals of Texas.  Amarillo.
April 23, 1924.  Rehearing Denied
May 21, 1924.)

1. Alteration of instruments ⬰8—Alteration of date of indorsement held not to affect maker's liability.

If the date of an indorsement on a note was altered, it was immaterial and did not affect liability of maker under Vernon's Ann. Civ. St. Supp. 1922, art. 6001—48, where such indorsement was not necessary to holder's title.

2. Bills and notes ⬰497(3)—Burden of proof on holder of note, indorsed without recourse to show payment of value before maturity, not sustained.

Burden on holder seeking to enforce a promissory note, indorsed to him without recourse before maturity, under Vernon's Ann. Civ. St. Supp. 1922, art. 6001—52, to show that he paid value before maturity, was not sustained, where holder testified that he paid $2,000 in cash for note which he had on hand in his safe, and indorser did not deposit money paid to him in any bank, and there being no evidence that holder made any inquiries as to solvency of maker.

⬰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Evidence ⊚⟿589—Testimony of party to suit need not be accepted as true, if contradicted by other circumstances.**

Neither court nor jury need accept testimony of a party to a suit, if he is contradicted by other facts and circumstances, and may disbelieve testimony, even if not directly contradicted.

**4. Appeal and error ⊚⟿1008(1)—Finding of trial court on question of fact will not be set aside by appellate court.**

Finding of trial court on a question of fact will not be set aside by appellate court.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Action by J. D. Wheeler against Jerome S. Stone. Judgment for defendant, and plaintiff appeals. Affirmed.

J. L. Goggans and B. O. Baker, both of Dallas, for appellant.

Mathis & Caldwell, of Wichita Falls, for appellee.

HALL, C. J. Wheeler filed this suit against Stone to recover upon a promissory note in the sum of $2,250, signed by Stone and payable to the order of C. W. Fant. The note is dated September 29, 1920, and is made due 180 days after date, and bears the following indorsement:

"For value received, I hereby transfer the within note to J. D. Wheeler, without recourse on me, this the 21st day of February, 1921.
                              "C. W. Fant.
"Witness:  C. W. Sanders."

The note provides for interest without naming the rate. The defendant, Stone, answered by general demurrer, general denial, and a special plea to the effect that the note sued upon was void and lacked consideration, because it was given in payment of a gambling debt by defendant, Stone, to C. W. Fant, and after said note had been given defendant in error discovered that Fant had secured the note through fraud. He further alleges that Fant had procured the plaintiff, Wheeler, who resided in the state of South Carolina, to file this suit, and had entered into a conspiracy with Wheeler to compel Stone, through the courts, to pay the debt; it being understood between them that Wheeler was to claim that he was an innocent purchaser of the note for value. The answer was verified by Stone. There was a trial of the case to the court without a jury.

The substance of the court's findings and conclusions is as follows: (1) On September 29, 1920, defendant Stone executed and delivered to C. W. Fant, his promissory note in the sum of $2,250, payable 180 days after date, to the order of C. W. Fant, and providing for attorney's fees. (2) That said note was executed and delivered in payment of a gambling debt and represented Stone's losses to Fant in a game of craps. (3) The note was given in lieu of several checks which Stone had given to Fant for losses during the game. (4) After the execution and delivery of the note Fant went to South Carolina, where he indorsed the note to J. D. Wheeler, who had been a friend of his for 18 years; said note being indorsed without recourse. (5) The following indorsement is upon the note: "For value received, I hereby transfer the within note to J. D. Wheeler, without recourse on me, this 21st day of February, 1921," which indorsement is signed by Fant and witnessed by C. W. Sanders. The court found that the date, the 21st day of February, was not the first date placed on the back of the note, but another date had been written thereon in ink which had been erased, and the last date appears to be the 21st day of February, 1921. (6) J. D. Wheeler made no inquiry of any one in Wichita Falls with reference to the solvency of Stone before he took the note, and made no inquiry as to any of the circumstances connected with the giving of the note. (7) Stone received no communication whatever from Wheeler before Wheeler purchased the note, and the first time Stone knew that Wheeler had purchased it was after the note had matured and at the time Wheeler made a draft on Stone for the payment of the note. (8) Fant and Wheeler entered into an agreement whereby the note was to be transferred to Wheeler by Fant, and whereby Wheeler should claim to be an innocent purchaser for value. (9) Wheeler obtained the note at a discount of $250. (10) From all the facts and circumstances and the evidence Wheeler is not an innocent purchaser of the note before maturity, for value without notice, and did not obtain it in due course of trade before maturity. The court concludes as a matter of law that because the note was given in payment of a gambling debt it is without consideration and not enforceable, and because Wheeler was not a bona fide purchaser for value without notice he is not entitled to recover. Judgment was entered accordingly.

[1] The Negotiable Instruments Law, V. C. S. Supp. 1922, art. 6001–45, provides that, unless an indorsement bears date after the maturity of the note, it is deemed prima facie to have been negotiated before maturity. The note in suit matured the 28th day of March, 1921. The indorsement is dated in the month of February, 1921, so the statutory presumption does not obtain. The figures 21, indicating the day of the month, seem to have been written with blue ink over other figures previously written with pale ink. Whether this amounts to an alteration or a spoliation does not appear. If it is an alteration it is not material and does not affect the liability of Stone, because under

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

V. C. S. Supp. 1922, art. 6001—48, the holder of a note may at any time strike out any indorsement which is not necessary to his title. It would seem that if he can strike out the entire indorsement he could, for the same reason, strike out any part of an indorsement without in any way affecting the rights of the maker. Stone made no allegation with reference to the apparent alteration in the indorsement, and no evidence was offered in any way tending to explain the alteration, or to show when, where, or by whom it was done. Without some further proof relative to it, the fact has very little, if any, probative value.

Appellee insists that the want of Wheeler's good faith in acquiring the note is shown in that Wheeler had known Fant for 18 years, knew he gambled, and did not ask him what the note was given for, and by the further fact that Wheeler purchased the note at a discount of $250, and testified that he bought it in the spring of 1921, when the indorsement shows that he bought it in February, and further testifying that he paid $2,000 in cash, which amount Fant testified that he did not deposit in any bank. The appellees insist that the want of good faith is further manifested by the fact that Wheeler lived hundreds of miles from Wichita Falls, and purchased the note without knowing Stone and without having heard from Stone in reply to his letter of inquiry, and the further facts that Wheeler failed to produce the testimony of Sanders, and took the note indorsed without recourse. It is further insisted that the fact that Fant and Wheeler procured Sanders to witness the indorsement is evidence of bad faith.

[2-4] V. S. C. S. 1922 Supp. art. 6001—38, provides that the indorsement of a note without recourse does not impair its negotiable character. 1 Defenses to Commercial Paper (2d Ed.) pp. 62, 63, 885.

V. S. C. S. 1922 Supp. art. 6001—52, provides that a holder in due course is one who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; and (4) that at the time it was negotiated to him he had no notice of any infirmity or defect in the title of the person negotiating it. The rule as to the burden of proof in cases of this character is stated in Daniel v. Spaeth (Tex. Civ. App.) 168 S. W. 509, as follows:

"If the note was obtained from the maker by fraud or upon illegal consideration, the burden is on the maker to show such fraud or illegality, and, when that is shown, the burden is shifted to the assignee to show that he paid value before maturity, and when the assignee shows such a purchase the burden is then on the maker to show at the time the assignee purchased that he then had notice of such fraud or illegality."

It was shown in the instant case, without contradiction, that the note was given for a gambling debt which Stone owed Fant. The burden then shifted to Wheeler to show that he paid value before maturity. The above-quoted indorsement would have supplied this proof if the trial court had accepted it as true, but he did not do so. Wheeler testified that he paid $2,000 in cash which he had on hand and in his safe. Fant stated that he did not deposit the $2,000 so paid him in any bank. Stone testified that he never received any letter from Wheeler with reference to the validity of the note, and Wheeler's testimony that he wrote the Wichita bank regarding the solvency of Stone and was informed that he was solvent was not corroborated. No such correspondence was found in the bank's files. These facts, together with Wheeler's admission that he knew Fant to be a gambler and did not ask him what the consideration of the note was, and the failure to produce Sanders as a witness to authenticate the indorsement and date thereof, were all considered by the court as bearing upon the issue of good faith in Wheeler's purchase of the note for value before maturity. The rule is settled in this state that neither the court nor the jury is compelled to accept the testimony of a party to the suit if he is contradicted by other facts and circumstances, and the rule is further announced that the court or jury may disbelieve testimony, even though it is not directly contradicted. Groves v. Whittenberg (Tex. Civ. App.) 165 S. W. 889; Thomas Goggan & Bros. v. Synnott, 63 Tex. Civ. App. 530, 134 S. W. 1184; Hobart National Bank v. Fordtran (Tex. Civ. App.) 122 S. W. 413; First National Bank v. McWhorter (Tex. Civ. App.) 179 S. W. 1147; Queen v. Turman (Tex. Civ. App.) 241 S. W. 786; James Contracting Co. v. Home Life & Accident Co. (Tex. Civ. App.) 245 S. W. 1004; Wallace v. First National Bank (Tex. Civ. App.) 246 S. W. 737; Eubank v. Bostick (Tex. Civ. App.) 194 S. W. 214. The sworn plea denying the consideration and the allegation and proof that the consideration was illegal, rendering the note void in the hands of the original holder, under the Daniel Case, supra, placed the burden upon Wheeler, which in the opinion of the trial court he did not discharge. Under the well-established rules in such cases we do not feel warranted in setting the finding aside.

The contention here is simply one of fact. Under the above-stated rule governing the burden of proof, the record sustains the court's judgment.

The judgment is therefore affirmed.

BOYCE, J., not sitting.