## INMAN et al. v. TEXAS LAND & MORTGAGE CO., Limited.
## No. 4341.

Court of Civil Appeals of Texas. Amarillo. Jan. 21, 1935.

See, also, 74 S.W.(2d) 124.

Royce A. Oxford, of Plainview, and Vickers, Campbell & Evans, of Lubbock, for appellants.

E. L. Klett, of Lubbock, for appellee.

JACKSON, Justice.

January 17, 1925, Charles S. Inman and his wife, Dora Inman, executed and delivered to the Texas Land & Mortgage Company, Limited, three notes, the first for the sum of $350, due January 1, 1926, the second for the sum of $750, due January 1, 1927, and the third for the sum of $10,000, due January 1, 1932. Each of the notes provided for interest at the rate of 8 per cent. per annum, payable annually, and 10 per cent. per annum on principal and interest after maturity, that in case of default in the payment of any installment of interest when due, the principal and interest should at the election of the holder at once become due and payable, and, if the notes were placed in the hands of an attorney for collection, the makers were to pay 10 per cent. additional on principal and interest as an attorney fee.

Contemporaneously with said notes the makers executed and delivered a deed of trust on 513.77 acres of section No. 41, which will hereafter be designated as the Lubbock county land, creating a valid lien thereon to secure the payment of the notes. On October 11, 1929, the due date of the first note was extended to January 1, 1930, and the due date of the second note to January 1, 1931.

The Texas Land & Mortgage Company on February 17, 1928, deeded section No. 16 in block A-4, which we will designate as the Hale county land, to Charles S. Inman and Dora Inman, his wife, for a consideration of $42,000, recited to have been paid $4,000 in cash and the balance, $38,000, evidenced by

notes maturing on different dates and secured by a vendor's lien retained in the deed.

The record shows that but $500 was paid in cash, and that the balance of $4,000 cash payment recited was evidenced by a note for the sum of $3,500 secured by a second deed of trust lien on the Lubbock county land. Under this second deed of trust the Texas Land & Mortgage Company, Limited, had the Lubbock county land sold, became the purchaser, and received a trustee's deed therefor on January 6, 1933.

The plaintiffs Charles S. Inman, through his duly and legally appointed guardian, Fred S. Inman, and his wife, Dora Inman, instituted an action in trespass to try title against the defendant, the Texas Land & Mortgage Company, Limited, to recover title and possession of the Lubbock county land. Plaintiffs also sought the cancellation of the second deed of trust on the Lubbock county land, the trustee's deed to the defendant by virtue of the sale thereunder, and to remove the cloud created thereby from the title to said land. In addition, the plaintiffs asked that the deed from the defendant conveying to Charles S. Inman and his wife the Hale county land be canceled and the title thereto vested in the defendant and all notes given as a part of the consideration for the Hale county land be canceled and annulled.

They pleaded as a basis for this relief that Charles S. Inman, at the time of the purchase and sale of the Hale county land, the giving of the notes, and the execution of the second deed of trust lien on the Lubbock county land, was mentally incapacitated.

Plaintiffs allege certain payments made to the defendant on the Hale county transaction, all of which they ask to recover and have credited upon the notes aggregating $11,100 secured by the first lien on the Lubbock county land.

The defendant answered by general denial, asserted the mental capacity of Charles S. Inman, and alleged several other affirmative defenses. The defendant in a first cross-complaint set up an action in the form of trespass to try title against the plaintiffs, and asked to recover title and possession to the Lubbock county land. In a second cross-complaint it asked for judgment on its notes aggregating $11,100 and a foreclosure of its first lien on the Lubbock county land securing the payment thereof. It alleged default in the payment of both principal and interest, and sufficiently pleaded its contract for and its right to recover thereunder the attorneys' fees. It asked, in the event the plaintiffs were allowed

to recover for any of the payments alleged to have been made to the defendant by reason of the transaction relating to the Hale county land, that the defendant should have judgment for the rents and revenues for said premises, which was of the reasonable value of $1,500 per year.

In a supplemental petition the plaintiffs alleged that the reasonable rental value of the Hale county land did not exceed $200 per year, and pleaded in a general way that the value of the land had been increased by repairing fences and some of the buildings and removing Johnson grass therefrom more than its rental value. They asserted the defendant was not entitled to recover attorneys' fees, since they had endeavored for more than twelve months to have a settlement with the defendant with the view of refinancing said indebtedness, which they would have done had they been allowed the proper credits and the Hale county land transaction been canceled; that, if the defendant should be permitted to foreclose its lien, the sale should be postponed for a reasonable length of time, to be determined by the court; and for at least 180 days according to the provisions of the Moratorium Law (Vernon's Ann. Civ. St. art. 2218b), to enable them to refinance such debt.

In response to special issues, the jury found, in substance, that Charles S. Inman was mentally incapacitated as alleged; that he had not recovered; that the reasonable rental value of the Hale county land was 50 cents per acre per annum, and the value of the Hale county land by reason of improvements placed thereon was increased $5 per acre.

On these findings judgment was rendered that the deed from the defendant conveying to Charles S. Inman and wife the Hale county land, the vendor's lien notes given as part consideration therefor, the $3,500 note and the second deed of trust against the Lubbock county land securing the payment thereof, and the trustee's deed made by virtue of the sale thereunder, be canceled and held for naught, and the defendant recover of and from Charles S. Inman the sum of $13,383.16 principal, interest, and attorneys' fees, with court costs, and that its mortgage lien be foreclosed on the Lubbock county land against all the plaintiffs.

Appellants contend that appellee was not entitled to a judgment for attorneys' fees on the notes upon which it recovered on its cross-complaint.

Each of the notes stipulated that "it is further agreed hereby that if this note is not

paid when due and is placed in the hands of an attorney for collection, we agree to pay ten per cent additional on the full amount due as attorneys fee." The appellants were in default, since the principal on the notes, with certain installments of interest, were past due and unpaid. The notes had been placed in the hands of attorneys for collection, the cross-complaint had been filed, and the amount appellee was entitled to recover on the notes was contested. There is no claim that the fee allowed is unreasonable. This assignment is overruled.

"The rule is now settled that the holder is prima facie entitled to recover the sums stipulated for as attorneys' fees upon the happening of the event, and if, in any case, there is any reason why the same should not be paid, it is a matter of affirmative defense. Lanier v. Jones, 104 Tex. 247, 136 S. W. 255; Eagle Lake, etc., Bank v. Robinson, 104 Tex. 166, 135 S. W. 372; McCaulley v. Farmers', etc., Bank (Tex. Civ. App.) 175 S. W. 728; Lock v. Citizens' Nat. Bank (Tex. Civ. App.) 165 S. W. 536; Rushing v. Citizens' Nat. Bank (Tex. Civ. App.) 162 S. W. 460; Beckham v. Scott (Tex. Civ. App.) 142 S. W. 80. Here the event provided for in the note having happened (that is, the note having been placed in the hands of an attorney for collection and suit having been brought thereon), the plaintiff holder was clearly entitled, in the absence of the affirmative issue tendered by the defendant, to a judgment for the attorneys' fees." Amuny v. Seaboard Bank & Trust Co. (Tex. Com. App.) 23 S.W.(2d) 287, 288. See, also, Tsesmelis v. Sinton State Bank (Tex. Com. App.) 53 S.W.(2d) 461, 85 A. L. R. 319.

The appellants urged as error the action of the trial court in refusing to credit them with the difference between the amount of the reasonable rental and the amount of the increase in the value of the land on account of repairs and improvements placed thereon by Charles S. Inman and wife.

The suit relative to the Hale county land was not an action in trespass to try title, and any recovery for improvements in good faith is dependent on the principles of equity.

The title to said land was not questioned; appellants obtained a cancellation of the transaction relative thereto, not because of any act charged to appellee or to defective title to the property, but because of the mental incapacity of Charles S. Inman, whose condition was unknown to appellee, but known to Fred Inman, his son, who is now his guardian, and also to Dora Inman, his wife, prior to any of the expenditures made

for repairs which were necessary to the enjoyment of the property during the six years it was occupied by the Inmans.

Whether or not under these facts appellants could recover for improvements in good faith, it is unnecessary to determine, since in their petition they sought only to recover a sum for such repairs and improvements as would offset and discharge the claim for rent. 31 C. J. 346 § 76. This they obtained.

The appellee failed to allege that it had presented to the guardian of Charles S. Inman for approval or rejection the notes on which it recovered. No attack was made on the pleadings for such failure in the trial court, but it is presented here as fundamental error.

◾ The appellants had invoked the jurisdiction of the district court, admitted the validity of the notes and the lien securing the payment thereof upon which appellee recovered, and sought the adjudication of questions and the adjustment of equities between the parties over which the jurisdiction of the probate court was inadequate.

"While it is customary to speak of the jurisdiction of the County Court over matters relating to estates of deceased persons under administration as 'exclusive,' and the entire current of our judicial decisions is to carefully protect the jurisdiction of that court over such matters, as it ought to be, yet it is plainly recognized that questions may arise affecting estates in regular course of administration, requiring, for illustration, the adjustment of equities, for the settlement of which the probate jurisdiction of the County Court is inadequate, and in such cases, notwithstanding the administration, resort may be had to the equity powers of the District Court for the determination of those questions, the judgment to be performed through the Probate Court." Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 566, 196 S. W. 501, and authorities cited. See, also, Griggs et al. v. Brewster, 122 Tex. 588, 62 S.W.(2d) 980.

Under this record, in our opinion, the district court had jurisdiction of the issues presented in the appellee's cross-complaint. Joseph Cotulla v. John A. Kerr et al., 74 Tex. 89, 11 S. W. 1058, 15 Am. St. Rep. 819; Simkins, Administration of Estates (2d Ed.) p. 629; L. W. Low, Jr., v. W. F. Felton et al., 84 Tex. 378, 19 S. W. 693; Groesbeck v. Groesbeck, 78 Tex. 664, 14 S. W. 792. This contention is without merit.

◾ Appellants assail as erroneous the judgment of the court to the extent that it decrees

the costs of the suit against Charles S. Inman.

In our opinion the court committed error in charging the costs to Charles S. Inman. We are unable to determine from the record what an equitable distribution of the costs would be. Appellee has filed a written statement in this court asking that, if it be determined that the costs were erroneously taxed and this court cannot determine with certainty the amount that should be charged to the respective litigants, the costs be adjudged against appellee.

The judgment is reformed adjudging all costs against appellee, and, as so reformed, is affirmed.