IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2003 Session

## JERRY T. BEECH CONCRETE CONTRACTOR, INC. v. LARRY POWELL BUILDERS, INC., ET AL.

Appeal from the Chancery Court for Davidson County
No. 99-725-III     Ellen Hobbs Lyle, Chancellor

No. M2001-02709-COA-R3-CV - Filed March 4, 2003

In this appeal from the trial court's award of attorneys fees, Appellant seeks review of the trial court's refusal to award the full amount of fees sought. We modify the trial court's findings and affirm as to the amount of the award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Timothy W. Burrow, Nashville, Tennessee, for the appellant, Jerry T. Beech Concrete Contractor, Inc.

John R. Reynolds, Nashville, Tennessee, for the appellees, Larry Powell Builders, Inc.

## OPINION

This is the second appeal in an action brought by a contractor to receive the balance alleged to be due under a construction contract. Jerry T. Beech Concrete Contractor, Inc. (Beech) originally sued Larry Powell Builders, Inc. (Powell Builders) for breach of the payment provisions of a construction job contract. Powell Builders answered Beech's complaint and counter-claimed for breach of contract. In its counter-claim it asserted a set off due to charges back and failure of Beech to perform the construction in a workmanlike manner. After a bench trial, the Davidson County Chancery Court held that the job contract was actually a bid for services, rather than a written contract. As a result, the attorney fee provisions of the job contract were unenforceable. On appeal, this Court modified and remanded the case finding, in pertinent part, as follows:

The Chancellor disallowed attorney fees because the only terms in the "Job Contract" which the parties discussed and acted on and indicated acceptance of are the price and performance specifications. We have found that the evidence preponderates against the finding that the document styled "Job Contract" was merely a bid, and not a contract. We further find that the contract was not divisible, and that it was accepted in its entirety. Accordingly, the provision of the contract "If client fails to pay as agreed, Jerry Beech Concrete is entitled to receive attorney fees and all costs associated with the collection of this debt including any costs extended by Jerry Beech Concrete to enforce this agreement" is enforceable as contractual in nature. *See, Owen v. Stanley*,739 S.W.2d 782 (Tenn. App. 1987); *Remco Equipment Sales, Inc. v. Manz*, 952 S.W.2d 437 (Tenn. App. 1997). The case is remanded for a determination of a reasonable fee in accordance with *Connors v. Connors*, 594 S.W.2d 672 (Tenn. 1980), *In re: Estate of Davis*, 719 S.W.2d 575 (Tenn. App. 19 and *Disciplinary Rule 2-106* of the code of Professional Responsibility, Rule 8 of the Rules of the Supreme Court.

*Jerry T. Beech Concrete Contractor, Inc. v. Larry Powell Builders, Inc., et al.*, No. M2000-01704-COA-R3-CV, 2001 WL 487574 at *2 (Tenn. Ct. App. May 9, 2001).

Consistent with this Court's disposition, Plaintiff filed its Motion To Assess Attorneys Fees and Costs on August 20, 2001. Plaintiff supported the motion with a memorandum of law and affidavit which documented counsel's representation of Beech throughout the claim and in defense of Powell Builder's counter-claim. Appellant asserted its entitlement to a fee of $34,344.44. Powell Builders responded with two affidavits, one from Powell Builders' counsel and one from counsel David Young Parker, characterizing Beech's claim as an action to collect a debt, for which the "standard fee for counsel" represented a 25 to 40% contingency fee arrangement. After considering the affidavits filed and the testimony given, the trial court rendered its Memorandum and Order on September 25, 2001. In that Memorandum and Order, the trial court awarded $12,262.80 in attorneys fees, holding in pertinent part:

> After considering the affidavits, the testimony of Mr. Parker and reviewing DR2-106 of Rule 8 of the Supreme Court Rules, the Court concludes that the plaintiff is entitled to recover $12,262.80 in attorney's fees.
>
> In arriving at this conclusion, the Court has made the following analysis under the factors listed in DR2-106:
>
> 1. <u>The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly</u> – The affidavit of plaintiff's counsel establishes that the plaintiff spent in excess of 250 hours at a rate of $125.00 per hour. Given the pretrial motions the Court presided over and the length of the trial, and the vast knowledge of plaintiff's counsel of the law and fact, there is no doubt those hours were actually spent. The Court also finds

that the plaintiff's rate is reasonable. The case was of medium to low complexity. There were some issues on the licensure claim which were somewhat challenging because of the absence of much case law, but that is often true. The case was not novel nor complex.

2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer–not applicable

3. The fee customarily charged in the locality for similar legal services–The proof established that the hourly rate charged by the plaintiff's counsel of $125.00 per hour is not out of line with fees charged in this locality. The affidavit and testimony of attorney Parker, though, called into question the reasonableness of charging $34,344.44 in fees when the ultimate recovery of the plaintiff was $5,657.00.

4. The amount involved and the results obtained–The amount involved for the plaintiff was $10,000.00. The plaintiff also had to defend against a $50,000.00 counterclaim. The plaintiff recovered $5,657.00. That the plaintiff did not recover the entire $10,000.00 means that there was some validity to the counterclaim. That the recovery was only $5,657.00 calls into question a fee of $34,344.44 unless there were novel issues or unique circumstances.

5-8. Factors 5 through 8 are not in issue except as to factor 7 concerning the experience, reputation and ability of plaintiff's counsel. Plaintiff's counsel is an architect and former contractor who specializes in construction litigation.

The Court concludes that it would be excessive in this case to require the defendant to pay $34,344.44 in attorney's fees. Although the Court does not doubt that plaintiff's counsel spent in excess of 250 hours on this lawsuit, the case was not novel nor difficult. Computing 40% of the recovery of $5,657.00 equates to $2,262.80. There should be added to that an attorney's fee for the time expended in defending the counterclaim. The Court determines that no more than 80 hours were justified in defending the counterclaim. At the rate of $125.00 an hour, a $10,000.00 fee is awarded on the defense of the counterclaim.

It is therefore ORDERED that the plaintiff is awarded $12,262.80 in attorney's fees.

It bears noting that the trial court did not find the amount of hours to be reasonable. The trial court only found the rate to be reasonable and that the hours were "actually spent." The court does compliment counsel on his command of the "law and fact" of the case; however, the court found the case to be of "medium to low complexity." Further, and most importantly, the trial court found that

factors 5 through 8 of disciplinary rule 2-106 of Supreme Court Rule 8 did not apply except insofar as factor 7 required consideration of the additional expertise of counsel.[1]

The state supreme court has provided the rubric as follows:

The appropriate factors to be used as guides in fixing a reasonable attorney's fee have been phrased in various terms over the years, but may be summarized as follows:

1. The time devoted to performing the legal service.
2. The time limitations imposed by the circumstances.
3. The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.
4. The fee customarily charged in the locality for similar legal services.
5. The amount involved and the results obtained.
6. The experience, reputation, and ability of the lawyer performing the legal service.

See Folk v. Folk, 210 Tenn. 367, 379, 357 S.W.2d 828, 829 (1962). These are substantially the guidelines listed in Supreme Court Rule 38, Code of Professional Responsibility, D.R. 2-106. The additional factors listed *677 in Rule 38 should be given consideration when relevant.

*Connors v. Connors*, 594 S.W.2d 672, 677.[2]

The following are the factors listed in D.R.2-106 concerning the determination of whether a fee is reasonable.

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.

---

[1] Although recently the Tennessee Supreme Court has adopted the New Rules of Professional Conduct, *see* S.Ct. Rule 8 (2003); the factors in disciplinary rule 2-106 are alive and well in the new rules and are no less the law governing the assessment of reasonable attorneys fees.

[2] The disciplinary rules referred to by the supreme court have since been codified in Supreme Court Rule 8, references in the opinion to Supreme Court Rule 38 notwithstanding.

(7)     The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8)     Whether the fee is fixed or continent.

D.R. 2-106 S.Ct. Rule 8.

With regard to Appellant's challenge of the trial court's determination of a reasonable fee, this Court must note the discretion afforded a trial court in determining a reasonable fee according to the attendant circumstances. This exercise of discretion is the very reason for this Court's original remand to the trial court. It is generally not the office of this Court to interfere with the allowance of attorney's fees by the trial court unless the trial court abuses that discretion, and injustice is perpetrated thereby. *See Dover v. Dover*, 821 S.W.2d 593, 595 (Tenn. Ct. App. 1991); *See also Fell v. Rambo*, 36 S.W.3d 837, 853; *Alexander v. Inman*, 974 S.W.2d 689 at 695 (Tenn. 1998). It also bears noting that, "this Court is not bound either by the expert opinion of lawyers as to the value of professional services or the action of the lower courts when in our judgment the fees allowed are excessive or inequitable." *Connors*, 594 S.W.2d at 677. Thus, we must determine under an abuse of discretion standard, (a) the adequacy of the trial court's award of 80 hours of attorney's fees in connection with the counterclaim, and (b) the correctness of the trial court's award of a 40% contingency on the net recovery.

In our independent review of the record before us, we find no abuse of discretion in the fee award. This case originated as a suit for $10,000.00 remaining on a $50,000.00 contract. As the court indicated there were no novel issues of law connected with the enforcement of that portion of the agreement. The simple issue which was brought before the trial court initially was the nature and effect of a writing and whether Larry Powell Builders was correct in withholding $10,000.00 pending a resolution of the back charge amounts. By admission of Plaintiff's counsel, the lion's share of the fees charged were incurred in defense of counterclaims which, at their heart, governed whether the contract claim of $10,000.00 would be recovered in its entirety, in part, or not at all. In fact, the net recovery was less than the original $10,000.00 demand. And, although counsel argued below and before this Court, the recovery of its entire 250 hours in connection with defense of the counterclaim, Appellant falls short as it did below, in showing the reasonableness of the 250 hours worth of work.

Another consideration inherent in factor D.R. 2-106(4) is relevant to a determination of fees in this case. The governing provision of the contract is not a broad and all-encompassing provision but is limited to ". . . attorney's fees and all costs associated with the collection of this debt including any costs extended by Jerry Beech Concrete to enforce this agreement." What is involved in this case, however, is not simply the collection of a debt but rather a contest over the amount, if any, due from Powell Builders to Beech for the alleged debt and the degree to which amount may be reduced by affirmative defenses and a counter-claim based upon defective materials and inadequate workmanship.

A debt is "that which is due from one person to another, whether money, goods or services; that which one person is bound to pay to another, or perform for

his benefit." Webster's New International Dictionary. "In order to create an indebtedness there must be an actual liability at the time, either to pay then, or at some future time." Bouv. Law Dict., Vol. 2, page 1531. "Every debt must be solvendum in praesenti, or solvendum in futuro--must be certain and in all events payable; whenever it is uncertain whether anything will ever be demandable by virtue of the contract, it cannot be called a 'debt.' While the sum of money may be payable upon a contingency, yet in such case it becomes a debt only when the contingency has happened, the term 'debt' being opposed to 'liability' when used in the sense of an inchoate or contingent debt." 17 Corpus Juris, 1377. *Emil Weitzner v. Commissioner*, 12 B.T.A. 724; *Saleno v. City of Neosho*, 127 Mo. 627, 30 S.W. 190, 27 L. R. A. 769, 48 Am. St. Rep. 653; *Lowery v. Fuller*, 221 Mo. App. 495, 281 S.W. 968; *Clinton Mining & Mineral Co. v. Beacom* (D.C.) 264 F. 228; *Bolden v. Jenson* (D.C.) 69 F. 745. The term "indebtedness" as used in the Revenue Act implies an unconditional obligation to pay. Any definition more flexible would only encourage subterfuge and deception. The "notes" involved in this case did not constitute a debt of the maker because their payment was contingent upon the payees being alive at the maturity of the instruments in 1950.

*Gilman v. Commissioner of Internal Revenue*, 53 F.2d 47, 50 (8th Cir. 1931); *see also State v. Latham*, 136 Tenn. 30, 188 S.W. 534, 535 (Tenn. 1916).

As in *Latham*, the amount actually due under the facts of this case is neither specific as to amount or definite as to maturity.

It is observed:

The consensus of opinion of the courts is that where the holder of a note or similar evidence of indebtedness containing a provision for the payment of attorney's fees brings action on the note, and the plaintiff's recovery is lessened, but not completely extinguished, by the defendant's recovery on a counter-claim or the like, the allowance of attorney's fees should be proportionateley cut down, the amount of recovery of such fees being based on the difference between the amount due on the plaintiff's instrument including principal and interest and the defendant's recovery on the counter-claim.

41 A.L.R.2d 677, 681.

In a similar context, the Court of Civil Appeals of Texas held:

The note sued upon contained the provision that if placed in the hands of a collector or if sued upon, a reasonable attorney's fee would be allowed. It is urged by appellant that the court erred in not granting him judgment for at least the sum of $304.80 as attorney's fees and urged that such amount was liquidated and a portion

of the principal. This point is not well taken, although appellant, in our view of the case, is entitled to some amount as attorneys fee. The maker of a note, where an attorney's fee is provided for, is not liable therefor unless he is in default and he is not in default if he has alleged and proved a valid defense to all of the plaintiff's demand against him. *World Exploration Co. v. Hoera-Rosenthal Safe Co.*, Tex. Civ. App., 34 S.W.2d 703; *Inman v. Texas Land & Mortgage Co., Ltd.*, Tex. Civ. App., 78 S.W.2d 1032; *Ehlinger v. Clark*, 117 Tex. 547, 8 S.W.2d 666; 11 C.J.S., Bills and Notes, § 726, page 275. Appellee has plead and proved a valid defense against a substantial portion of appellant's demand. Since, however, it is our opinion that appellant was entitled to recover a part of his demand over and above appellees' offsets, he was entitled to some amount as attorney's fee. There is, however, no finding as to what is a reasonable charge under the circumstances. Upon another trial appellant will be entitled to recover attorney's fee but only the portion of his demand which he may show himself entitled to recover judgment against appellees.

*Ware v. Paxton*, 266 S.W.2d 218, 227 (Tex. Civ. App. 1954).

The amount sued for at bar was $10,000.00 but the ultimate recovery of Plaintiff was $5,657.00. This factor must be considered in determining the reasonableness of an attorney's fee award.

With regard to the Court's finding that the case warrants a contingency award, this determination is not supported by the evidence. There is no showing in the record that a contingency fee arrangement was ever reached between Plaintiff and Plaintiff's counsel. It is clear from the memorandum, that the trial court did not consider the nature of the contract between Plaintiff and counsel to be applicable in determining the reasonableness of the fee. In this respect the trial court is in error. Converting the agreement between Plaintiff and Plaintiff's counsel to a contingent fee contract is inappropriate. It is a universally accepted proposition that contingency fee cases are generally larger than the absolute fee arrangement, as the difference is to compensate the attorney for the risk of non-recovery. *See Eakin v. Peoples Hotel Co.*, 54 S.W. 87, 89 (Tenn. Ch. App. 1899); *Roberts v. Vaughn*, 142 Tenn. 361, 219 S.W. 1034, 9 A.L.R. 1528 (1920). Considering the fee award in the context of all relevant factors, this Court finds the total amount of $12,262.80 appropriate to compensate for the cost of bringing Beech Concrete's contract claim. At the heart of this consideration is the determination that under the analysis used in *Conners* and in the disciplinary rules, $34,344.00 would be an excessive fee in a case where only $5,657.50 was actually recovered and the claim initiating the suit was less than one third of the attorney's fees charged. Rather than require, as the Chancellor found, a conversion of the absolute fee agreement to a contingency-plus arrangement, this Court finds the totality of the circumstances requires the assessment of $12,262.80 as a reasonable absolute fee. The award is affirmed. The case is remanded to the trial court for such further proceedings as may be necessary. Costs are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE